UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>MADOFF SECURITIES INTERNATIONAL LTD.,<br><br>Debtor in Foreign Proceeding. | Case No. 09-12998 (CGM)<br><br>Chapter 15 |
| STEPHEN JOHN AKERS, MARK RICHARD BYERS, and ANDREW LAURENCE HOSKING, as Joint Provisional Liquidators of Madoff Securities International Limited,<br><br>Plaintiffs,<br><br>v.<br><br>PETER B. MADOFF,<br><br>Defendant. | Adv. Pro. No. 09-01186 (CGM) |

**MEMORANDUM DECISION AND ORDER**
**DISMISSING CASE FOR FAILURE TO PROSECUTE**

**CECELIA G. MORRIS**
**UNITED STATES BANKRUPTCY JUDGE**

**INTRODUCTION**

Pending before the Court is the Order to Show Cause, issued by this Court on March 15, 2024, directing the plaintiffs, Stephen John Akers, Mark Richard Byers, and Andrew Laurence Hosking (the "Plaintiffs" or "Liquidators"), to appear and show cause why this adversary proceeding should not be dismissed. (Order, ECF[1] No. 33). The Court held a hearing on March 27, 2024, and again on May 15, 2024. No appearances were made at those hearings, and no

---

[1] Unless otherwise indicated, all references to "ECF" are references to this Court's electronic docket in Adv. Pro. No. 09-07786-cgm, *Akers v. Madoff*. All references to "12998 ECF" are made to this Court's electronic docket in *In re Madoff Securities International Limited*, Case No. 09-12998-cgm.

Page **1** of **7**

letters, filings, or other documents have been received by the Court in regard to the Order to Show Cause. For the reasons set forth below, the Court dismisses the adversary proceeding.

## BACKGROUND

On April 14, 2009, the Liquidators, while serving as Joint Provisional Liquidators in an English liquidation proceeding as to Madoff Securities International Limited ("MSIL"), filed a Chapter 15 Petition in the United States Bankruptcy Court for the Southern District of Florida. (Order Transferring Case, ECF No. 26). MSIL is an affiliate of Bernard L. Madoff Investment Securities, LLC and of Bernard L. Madoff. (*Id.*). Due to the common issues raised in the Florida-based MSIL proceeding and that of BLMIS and of the Chapter 7 Bankruptcy of Bernard L. Madoff, the MSIL bankruptcy case and "any pending related adversary proceedings" were transferred to this Court on May 6, 2009. (*Id.*) ("[T]he Chapter 15 case captioned *In re Madoff Securities Int'l Ltd.*, No. 09-16751 (Bankr. S.D. Fla.), filed on April 14, 2009 in the United States Bankruptcy Court for the Southern District of Florida, together with any pending related adversary proceedings, shall be transferred to this District forthwith.").

The Liquidators filed a petition for recognition of a foreign main proceeding on April 14, 2009. (Order Recognizing Foreign Proceeding, 12998 ECF No. 25). The Court granted that request and further deemed the liquidators to be "empowered to take all steps necessary to prosecute the adversary case captioned *Stephen John Akers, et al. v. Peter B. Madoff*, No. 09-1186 (Bankr. S.D.N.Y.) and to recover and liquidate the Aston Martin automobile that is the subject of those proceedings . . . ." (*Id.*).

The Complaint in the adversary proceeding filed in the Florida Bankruptcy Court states that the Liquidators seek to recover assets from Peter B. Madoff, which were allegedly diverted from MSIL's accounts improperly. (Compl., 09-16751 Bankr. S.D. Fla., ECF No. 6) (the "Complaint"). The Complaint states that the MSIL is an English company with offices in

London, which "traded for the personal accounts of Bernard L. Madoff . . . and members of his immediate family." (*Id.* ¶ 8). Peter B. Madoff was a citizen of the United States, a resident of Palm Beach, Florida, the brother of Bernard L. Madoff, and a director of MSIL. (*Id.* ¶ 9). Peter Madoff allegedly accepted two wire transfers of £35,000 and £100,000 (approximately $235,000) for the purchase of a vintage Aston Martin. (*Id.* ¶¶ 10–13).

Since November 2009, the only filings on the docket of either this adversary proceeding, or of the Chapter 15 case, 09-12998, have been notices and filings issued by the Court.[2] On March 1, 2024, this Court entered an Order to Show Cause in the Chapter 15 case, directing the Liquidators to show cause why the case and related adversary proceeding should not be dismissed for failure to prosecute. The Court entered and Order to Show Cause in this Adversary Proceeding on March 15, 2024. The Court held a hearing on March 27, 2024, and a second hearing on May 15, 2024. No party appeared at either hearing.

## **DISCUSSION**

Rule 41 of the Federal Rules of Civil Procedure, made applicable by Federal Rule of Bankruptcy Procedure 7041, provides for the Court to dismiss a case if "the plaintiff fails to prosecute" the case, "to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b).

Although it is not defined by Rule 41(b), the term failure to prosecute "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42–43 (2d Cir. 1982). The "'primary rationale' for dismissal pursuant to Rule 41(b) is 'the failure of plaintiff in his duty to process his

---

[2] In November 2009, an application for *pro hac vice* admission, was mistakenly entered on the docket of 09-12998 and withdrawn that same day. (12998 ECF Nos. 26–27). Prior to that erroneous filing, the most recent substantive filing in either proceeding was the order recognizing the foreign proceeding, signed by this Court on June 11, 2009. (*See* Order, ECF No. 25).

case diligently.'" *Pena v. Zazzle Inc.*, 587 F. Supp. 3d 109, 113 (S.D.N.Y. 2022) (quoting *Lyell*, 682 F.2d at 43).

The Court may exercise this power *sua sponte*. 587 F. Supp. 3d at 113; *Martens v. Thomann*, 273 F.3d 159, 179–80 (2d Cir. 2001). While dismissal is a harsh remedy, "the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." 587 F. Supp. 3d at 113 (quoting *Lyell*, 682 F.2d at 42). The "court should not have to beg the parties before it to litigate the cases they initiate." *McLean v. City Of New York.*, No. 04-CV-8353, 2007 WL 415138, at *4 (S.D.N.Y. Feb. 6, 2007).

In evaluating whether to dismiss a case for failure to prosecute, courts in this circuit consider the duration of the failure to comply, whether the plaintiff was on notice of potential dismissal, the likelihood of prejudice by further delay, the balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and whether other sanctions have been considered. 587 F. Supp. 3d at 113; *Spencer v. Doe*, 139 F.3d at 112–13 (2d Cir. 1998). "No one factor is dispositive," and the determination is based on the "record as a whole." *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009) (citing *United States ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). The decision to dismiss for failure to prosecute is committed to the court's discretion. *Ampudia v. Lloyd*, 531 F. App'x 32, 33 (2d Cir. 2013).

The first factor considers "whether the failures to prosecute were those of the plaintiff, . . . and whether these failures were of significant duration." *Pena*, 587 F. Supp. 3d at 114 (citations omitted) (finding a failure to take any action since the filing of a complaint less than one year to "weigh[] strongly in favor of dismissal"); s*ee also Sanchez v. Bracketron, Inc.*, No.

20-CV-10102, 2021 WL 2440663, at *2 (S.D.N.Y. June 15, 2021) (factor met where "Plaintiff's inaction span[ned] more than three months"); *Chavis v. City of New York*, No. 17-CV-9518, 2018 WL 6532865, at *3 (S.D.N.Y. Oct. 12, 2018), *R & R adopted*, No. 17-CIV-9518, 2018 WL 6528238 (S.D.N.Y. Dec. 11, 2018) (finding "a full four months" sufficient to meet this factor); *but see Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 194 (2d Cir. 1999) (noting that the Second Circuit has reversed dismissals of cases involving delays of "no more than 39 days" and "less than two months").  The Liquidators have not taken any action in either the chapter 15 case or the adversary proceeding in nearly fifteen years.  The duration of this failure to prosecute is immense.  The Court finds that the first factor is met.

With respect to the second factor, notice, many courts have seen it necessary to send multiple warnings to a party before finding that this factor is met.  *See, e.g., Pena*, 587 F. Supp. 3d at 114 ("Three warnings are more than sufficient to find this factor counsels in favor of dismissal"); *see also Chavis*, 2018 WL 6532865, at *4 (finding this factor met after two notices sent out over the course of months).  The Court sent multiple notices of the hearings on this matter over the course of over two months.  (*See* Order to Show Cause, ECF No. 33; Notice, ECF No. 34; Certificate of Mailing, ECF No. 35; Notice of Adjournment, ECF No. 37; Notice to Parties of Adjourned Hr'g, ECF No. 38; Certificate of Mailing, ECF No. 39); (*see also* Order to Show Cause, 12998 ECF No. 33; Notice of Mailing, 12998 ECF No. 34, Notice of Adjournment, 12998 ECF No. 40; Certificate of Mailing, 12998 ECF No. 43; Notice to Parties of Adjourned Hr'g, 12998 ECF No. 46; Certificate of Hearing, 12998 ECF No. 46).  The second factor is met.

With respect to the third factor, whether the plaintiffs are likely to be prejudiced by further delay, unlike in other cases where plaintiffs fail to respond to discovery requests (*Chavis*, 2018 WL 6532865, at *4) or fail to serve required summons (*Pena*, 587 F. Supp. 3d at 114), the

Court has not heard from the Defendant in the adversary proceeding. The Court may presume that the delay by the Liquidators has prejudiced other parties by "increas[ing] the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult."). *Shannon*, 186 F.3d at 195; *Lyell*, 682 F.2d at 43 ("Prejudice to defendants resulting from unreasonable delay may be presumed."). The third factor, insofar as it is applicable here, is met.

The Court must strike a balance between alleviating its calendar congestion and protecting the party's right to due process and a fair chance to be heard. *Shannon*, 186 F.3d at 195. Receiving sufficient notice and a fair opportunity to be heard before dismissal is appropriate. *Id*. The Court provided the Liquidators with notice and an opportunity to be heard. There is little sense "for the Court to continue to expend resources managing a civil case that the plaintiff has shown no interest in advancing." *Chavis*, 2018 WL 6532865, at *4. The fourth factor is met.

With respect to the final factor, where a plaintiff has had no contact with the Court in months, let alone years, and has failed to participate in any part of the proceeding, "failed to update his address . . . and failed to comply with this Court's Orders – lesser sanctions would likely be futile." *Id.* at 5. Actual notice of this Court's orders with no ensuing action "is sufficient to justify dismissal." *Id.* (citing *Yadav v. Brookhaven Nat'l Laboratory*, 487 F. App'x 671, 672–73 (2d Cir. 2012)). Considering other sanctions would be futile.

## **CONCLUSION**

For the foregoing reasons, the Court will dismiss Adv. Pro. No. 09-01186-cgm, *Akers v. Madoff*.

**IT IS SO ORDERED.**



**Dated: May 21, 2024**
**Poughkeepsie, New York**

/s/ Cecelia G. Morris
_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**